UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MILDRED MCDOLE,

    Plaintiff,

v.   Case No: 2:13-cv-136-FtM-38CM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge Recommending that the Decision of the Commissioner be Affirmed (Doc. #26) filed on June 16, 2014. The Plaintiff, Mildred McDole, filed her Objections (Doc. #27) on June 30, 2014. McDole then filed Amended Objections (Doc. #28) on July 1, 2014. The Commissioner filed a Response to the Objections (Doc. #30) on July 15, 2014. The Report and Recommendation is now fully briefed and ripe for the Court's review.

## STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Scuilla v. Astrue, 2013 WL

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

525789, *1 (M.D. Fla. February 11, 2013) (citing Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir.2004)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir.2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Id. at 1158–59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir.2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Id.; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir.2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

## **DISCUSSION**

The Plaintiff McDole objects to Magistrate Judge Mirando's Report and Recommendation arguing she erred in affirming the decision of the Commissioner because the Administrative Law Judge (ALJ) erred by: (1) finding McDole did not have any severe mental impairments; (2) by failing to consider the impact of the Plaintiff's obesity on her RFC; (3) by failing to consider her depression, anxiety, and memory loss in his assessment of her RFC; and (4) by failing to consult with a vocational expert (VE) as to whether Plaintiff was able to perform her past relevant work. The Court will address each argument in turn.

(1) *Whether McDole had Severe Psychological or Mental Impairments*

McDole claims that her psychological impairments are serve and would prevent her from performing the mental demands of basic work. McDole also claims the ALJ erred by not finding that her anxiety, depression and memory issues are severe.

An impairment is severe if it significantly limits a claimant's physical or mental ability to perform basic work activities, but an impairment is not severe if it is merely a slight abnormality or a combination thereof that does not have more than a minimal effect on the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a). The ALJ found the Plaintiff's psychological impairments were not severe.

The ALJ found the Plaintiff's complaints were simply not credible. The ALJ noted:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity.

(Tr. 17). The ALJ found no medical records to support the Plaintiff's claims that her psychological or mental conditions would prevent her from performing basic work activities and therefore he found they were not severe.

In his decision the ALJ relied on the consultant opinion of Dr. Zsigmond to support his decision. Dr. Zsigmond opined:

> On examination, claimant appeared alert and well oriented. Testing showed no short or long-term memory impairment. Attention and concentration also appeared normal. She had appropriate judgment, insight, and was able to complete simple mathematical calculations. She appeared in no acute mental distress.

(Tr. 13).

The ALJ concluded:

> A review of the medical record suggests that claimant's alleged impairments are also not as limiting as is alleged. Subsequent to her alleged onset date, claimant was able to respond, read, concentrate, and comprehend coherently at a field office interview. The physical consultative examiner found normal mental activity, understanding, no memory impairment and normal attention and concentration. Claimant had a normal affect and was judged able to maintain her own funds. Claimant received no specific mental health treatment or evaluation until her consultative interview which further suggest that her condition is not as severe as is alleged. In early 2011, Claimant appeared in no acute distress and her mood affect were good. No depression, anxiety, changes in mood, or insomnia were noted, Claimant was not seen again for several months. . . . While a memory test showed claimant's memory may be impaired, the record contains no further analysis or findings by a competent physician detailed any specific memory impairment.

(Tr. 17-18).

The Plaintiff attempts to support her position with records submitted from Lee Memorial Hospital dating from August 30, 2012 to September 1, 2012. However, as noted by the Commissioner, those Lee Memorial Hospital records were submitted to the Appeals Council and not the ALJ. The subject 2012 records were not before the ALJ and the Plaintiff did not appeal the decision of the Appeals Council, but only the decision of the ALJ. The Court is not required to consider evidence submitted to the Appeals Council for purposes of reviewing the ALJ's decision for substantial evidence. Ingram v Comm'r of Soc. Sec., 496 F. 3d 1253, 1266 (11th Cir. 2007) (holding "[W]hen a claimant challenges the [ALJ's] decision to deny benefits, but not the decision of the Appeals Council to deny review of the [ALJ], we need not consider evidence submitted to the Appeals Council."). Thus, based upon the evidence in the record and the ALJ's decision, the Court finds the ALJ supported his determination that the Plaintiff's psychological and

mental impairments were not severe and would not prevent the Plaintiff from performing basic work activities with substantial evidence.  The Plaintiff's objection is overruled.

### (2) *Whether the ALJ Failed to Consider the Plaintiff's Obesity*

The Plaintiff states the ALJ failed to consider the effect of her obesity on her residual functional capacity (RFC), however; the Plaintiff did not allege obesity as a cause of her alleged disability. The Plaintiff has the burden of establishing that she is disabled. [Doughty v. Apfel, 245 F. 3d 1274, 1278 (11th Cir, 2001).](#)  Since the Plaintiff did not allege that obesity prevented her from performing basic work activities, the ALJ did not err by not considering her obesity as a severe impairment.  *See* [Robinson v Astrue, 365 Fed. App'x 993, 995-96 (11th Cir. 2010)](#) (holding that the ALJ had no duty to consider the claimant's chronic fatigue syndrome diagnosis where the claimant did not allege she was disabled due to that diagnosis).  Therefore, the ALJ did not err by not considering the effects of Plaintiff's obesity on her RFC.

### (3) *Whether the ALJ Failed to Consider Plaintiff's Depression, Fatigue and Memory Loss in His RFC Determination*

The Plaintiff argues the ALJ did not consider the limitations caused by the Plaintiff's depression, anxiety, and memory loss in determining her RFC.  Contrary to the Plaintiff's position, the ALJ did take into account the Plaintiff's depression, anxiety, and memory loss when he made her RFC determination.  In his decision, the ALJ stated:

> Claimant appeared in no acute distress and her mood affect were good.  No depression, anxiety, changes in mood, or insomnia were noted, Claimant was not seen again for several months. . . . While a memory test showed claimant's memory may be impaired, the record contains no further analysis or findings by a competent physician detailed any specific memory impairment.

5

(Tr. 17-18).  The ALJ relied on the consultative evaluation reports of Dr. Claudia Zsigmond, and Dr. Eshan M. Kibria. *See* Milner v Barnhart, 275 Fed. App'x. 947, 948 (11th Cir. May 2, 2008) (holding the ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they are highly qualified physicians and psychologists, who are also experts in Social Security disability evaluations); SSR 96-6.  Dr. Zsigmond opined the Plaintiff demonstrated good recall of recent events and remote events, suggesting no severe short-term or long-term memory impairment. (Tr. 13).  Dr. Kibria observed that Plaintiff's work-related mental activities, understanding, memory, concentration, social interaction, and adaptation were intact. (Tr. 14).  In his decision, the ALJ stated that he considered "the entire record" and "all symptoms" in assessing the residual functional capacity. (Tr. 16).  Thus, the ALJ considered the Plaintiff's depression, anxiety, and memory loss issues when he made his RFC determination and supported his RFC with substantial evidence from the record.

### (4) *Whether the ALJ should have Used a Vocational Expert*

The Plaintiff argues the ALJ was required to call a VE due to her inability to return to her past relevant work and due to the existence of non-exertional impairments. Contrary to the Plaintiff's arguments, the ALJ was not required to call a VE in this instance. The ALJ found that Plaintiff could return to her past relevant work, and that she did not have any non-exertional mental or psychological impairments that would prevent her from performing basic work activities.

In cases where the ALJ finds Plaintiff can perform her past relevant work, it is not necessary to call a VE. Hernandez v Comm'r of Soc. Sec., 433 Fed. Appx. 821, 823 (11th Cir. 2011) (holding that "[g]enerally, vocational expert testimony is not necessary to

determine whether a claimant can perform his past relevant work."). At Step 4 of his analysis, the ALJ found that Plaintiff was capable of performing her past relevant work as a file clerk, receptionist, and phlebotomist. (Tr. 18). Consequently, there was no requirement for the ALJ to call a VE in this case.

## CONCLUSION

After an independent review, the Court agrees with the findings and recommendations of Magistrate Judge Mirando's Report and Recommendation as modified and supplemented herein.

Accordingly, it is now

**ORDERED:**

(1) The Report and Recommendation of the Magistrate Judge Recommending the Decision of the Commissioner be Affirmed (Doc. #26) is **ACCEPTED and ADOPTED** as modified and supplemented herein.

(2) The Decision of the Commissioner of Social Security is **AFFIRMED**.

(3) The Clerk of the Court shall enter judgment accordingly, terminate any pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of July, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record